WOODMANSEE, J.
This cause comes on for hearing upon the demurrer of the defendant to the amended petition of the plaintiff.
*174 The amended petition sets out that the defendant, John H. Havlin, at the time in question was engaged in the business of an inn-keeper, and managed and operated a public inn, commonly known as the Havlin Hotel, in the. city of Cincinnati, Ohio.
Plaintiff is a traveling salesman and represents that on the 25th day of February, 1910, he arrived at the hotel with three large trunks filled with samples of goods that he had for sale; that he was, by the agents and servants of said defendant, assigned, leased and rented a certain room therein, to-wit, room No. 815.; and that at the time of renting said room the defendant well knew that he was in the occupation of selling merchandise with samples, and that he had said trunks containing the said samples; that with his knowledge the samples were displayed in said room so that his prospective customers might observe and inspect them.
The complaint which is alleged against the defendant is to the effect that on the evening of the same day one of plaintiff’s customers, Terhune by name, came to said' room accompanied by his wife and sister-in-law; that while said parties-were in said room looking at the wares of the plaintiff the said plaintiff was called up over the telephone in said room by the employes of the defendant and was thereupon requested to have said ladies leave said room immediately, or if they did not leave at once they would be put out of said hotel; that in consequence, the said Terhune and said ladies did leave said hotel, and the said ladies were so shocked and grieved by said order that they were crying and hysterical when passing through the lobby of said hotel, and that said Terhune and said ladies were put to great humiliation and annoyance.
Plaintiff alleges that said Terhune, because of the premises-, refused to make any purchases, and that plaintiff thereby lost valuable time, good will and the business of the said Terhune, and that by reason of having ordered the said two ladies -from said plaintiff’s room, other prospective customers who would order goods from him, had refused to do any business with' him. Plaintiff alleges that he has been damaged'in the sum of $10,000.
*175 The defendant demurs to the petition on the ground that it does not state -facts sufficient to constitute a cause of action against the defendant.
It was made to appear to the court in the oral argument that the room in question was- an ordinary sleeping room in said hotel. Reference is made to this simply because in some hotels rooms are especially' set aside for the exhibition of samples for traveling salesmen.
Surely the management of a hotel has a right to place restrictions upon who may become its guests. It would be clearly within the rights of the management to prohibit ladies who are not guests or employes from occupying any of the private apartments of said hotel.
At the time in question when it is alleged that the hotel clerk, by telephone to the room of the plaintiff, notified him that the ladies could not under any circumstances be allowed in his room, this was simply notice to the plaintiff of a rule of the management that was both reasonable and proper.
The court holds that the damages, if any, that are alleged in the petition were not the result of the acts of .the defendant or his agent in bringing this rule to the attention of the plaintiff, but rather, everything of a harmful nature set out in the petition was the result of the indiscretion of the plaintiff himself. But for the act of the plaintiff, the alleged customer and his lady friends would have heard nothing disagreeable, and the quiet suggestion to them by the plaintiff that the rules of the hotel would not permit the presence of ladies in his room would certainly not have occasioned any resentment in the minds of reasonable men or women. The management of the hotel owed it to their other guests that the privileges claimed by the plaintiff should not under any circumstances be allowed, for when the next group of .customers arrive the parties might not be husband and wife and a convenient sister-in-law. To break over the rule would be an injustice to the hotel and to its other guests.
The court finds that plaintiff’s petition does not state a cause of action. The demurrer is sustained and the petition dismissed.
*176 M. Ettlinger & Company v. John H. Havlin.
WOODMANSEE, J.
This action grows out of the same set of facts that are set up in the opinion of this court in the preceding case. Aaron Weieseneek was the traveling salesman for the plaintiff, M. Ettlinger & Company, and growing out of the same set of facts set forth in the opinion of this court in that case, the plaintiff herein, as the employer of Aaron Weiseneek, asks damages to his business in the sum of $5,000.
Conceding that the plaintiff’s business was injured because of the circumstances set out in the petition, it is quite apparent to the court that the rule of the hotel, which is reasonable, and the message over the telephone by the hotel clerk to the occupant of the room, who is the traveling salesman of the plaintiff, were neither of them the proximate'cause of plaintiff’s injury. If plaintiff’s agent had not seen fit to carry on a conversation over the telephone and in the hearing of his customers, and had ac the moment exercised a little discretion, they could have been spared the humiliation complained of.
The petition does not state a" cause of action against the defendant and the same is dismissed.